UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY KING, Attorney General,
State of New Mexico ex rel.,

    Plaintiff,

v.                                                                                   No. 13-cv-504 RHS/KBM

HSBC Bank Nevada, N.A.,
HSBC Card Services, Inc., and
HSBC Bank USA, NA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants HSBC Bank Nevada, N.A., HSBC Card Services, Inc., and HSBC Bank USA, N.A.'s Motion to Dismiss For Failure To State A Claim For Relief (Doc. 22) filed on August 7, 2013. The Court, having considered the Motion (Doc. 22), Response (Doc. 25), Reply (Doc. 29) and all of the filings in the above captioned cause, finds that the Motion should be GRANTED in part and DENIED in part.

## FACTUAL BACKGROUND

This action arises from Defendants' marketing, selling and administering of fee-based ancillary products and services provided to New Mexico consumers who have been issued credit cards by Defendants. New Mexico Attorney General Gary King brought this suit as an enforcement action alleging unfair trade practices pursuant to NMSA §§ 57-12-8 and 57-12-15; as well as violation of Regulation Z, promulgated under the Dodd-Frank Act, 12 U.S.C. § 5552(a)(2)(B). This suit is one of nine (9) parallel proceedings that Plaintiff has brought against major credit card companies. In the instant proceeding, as with the other suits, Plaintiff asserts claims transpiring from Defendants' sale of "payment protection plans" which cancel or suspend

a credit card holder's obligation to make payments on his or her outstanding accounts under certain circumstances.  Plaintiff also asserts that these claims arise from Defendants' sale of other "ancillary" services including Identity Theft Protection, Wallet Protection and Credit Score Tracker[1] (Doc. 14 at 7).

Defendants argue that Plaintiff has failed to sufficiently plead its claims and therefore Defendants move for dismissal under Fed. R. Civ. P. 12(b)(6).  In addition, Defendants argue that Plaintiff's New Mexico Unfair Practices Act claims are preempted by federal law.

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  Dubbs v. Head Start, Inc., 336 F.3d 1194, 1201 (10th Cir. 2003).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  Id. at 679.  A 12(b)(6) motion should not be granted

---

[1] The Complaint defines the other fee-based ancillary services as follows: (1) Identity Theft Protection is a product that purports to monitor consumers' credit scores for indicia of identity theft and will alert the enrollees if something suspicious happens to their credit scores.  (2)Wallet Protection is a service that if the consumers' wallet is lost or stolen, HSBC will contact the issuers of all of the consumer's credit cards to cancel the lost or stolen cards.  (3) Credit Score Tracker is a product that provides consumers with copies of their credit report(s) and tools that allow them to track their credit score on a daily basis.

2

unless it appears beyond doubt that the [Plaintiff] can prove no set of facts in support of his claim which would entitle him to relief. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) quoting (Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); see Ash Creek Mining Co. v. Lujan, 969 F.2d 868, 870 (10th Cir. 1992). All well-pleaded factual allegations in the complaint are accepted as true, and viewed in the light most favorable to the nonmoving party. Id.

Fed. R. Civ.P. 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff is required to meet more stringent standards where fraud is alleged. Fed. R. Civ. P. 9(b). "A party must state with particularity the circumstances constitution fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id. "The requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be simple, concise, and direct . . . and to be construed to do substantial justice." Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997) (internal quotations omitted).

## ANALYSIS

The Court, in its review of the Amended Complaint (Doc. 14), Motion (Doc. 22), Response (Doc. 25) and Reply (Doc. 29), discovered that these filings were almost identical to filings docketed in State of New Mexico, Ex. Rel., Gary King, Attorney General v. Capital One Bank (USA) N.A., and Capital One Services, LLC, Civ.13-513 WJ/RHS ("King v. Capital One"). Specifically, the Court compared the Motion to Dismiss (Civ. 13-513, Doc. 23), the Response (Civ. 13-513, Doc. 26) and the Reply (Civ. 13-513, Doc. 29) filed in King v. Capital One to their counterparts filed in the instant case and determined that the relief sought and arguments of the parties were substantially the same. In fact, despite representation by separate

defense counsel in the instant case and King v. Capital One, Civ. 13-513 WP/RHS, both Defendants' pleadings are virtually identical.

In both causes, Defendants contend that Plaintiff's Complaint (1) contains allegations that are too speculative to state a claim for relief under Rule 8 (Doc. 22 at 6; Civ. 13-513, Doc. 23 at 6), and (2) should be held to the heightened standard for fraud allegations set forth in Rule 9(b) (Doc. 22 at 11; Civ. 13-513, Doc. 23 at 11).  Furthermore, Defendants contend that Plaintiff's NMUPA claims are preempted by federal law, namely the National Banking Act and the accompanying regulations (Doc. 22 at 3; Civ. 13-513, Doc. 23 at 3).

The Court then reviewed the Memorandum Opinion and Order Granting In Part And Denying In Part Defendants' Motion To Dismiss For Failure To State A Claim For Relief (Civ. 13-513, Doc. 33) entered by the District Judge in King v. Capital One.  This Court considered the District Judge's analysis and opinion and agrees with the sound decision of the District Judge.

First, the District Judge considered the sufficiency of the allegations set forth is the Plaintiff's Complaint and decided that it would be evaluated under Fed.R.Civ. P. 8(a)(2) instead of under the heightened standard of Rule 9(b) when evaluating fraud claims.  The District Judge found that Plaintiff sufficiently pled claims for violation of the NMUPA and Regulation Z.  The Court reviewed the Amended Complaint (Doc. 14) filed herein which was nearly identical to the Complaint (Civ. 13-513, Doc. 11) filed in King v. Capital One and determined that the Amended Complaint (Doc. 14) sufficiently pled claims for violation of the NMUPA and Regulation Z.

Second, the District Judge determined that Plaintiff's NMUPA claim based upon (1) gross disparity; (2) ineligible consumers; (3) misrepresentation; and (4) non-disclosure are preempted by the Office of the Comptroller of the Currency's regulations interpreting and

analyzing the National Bank Act, specifically Part 7 and Part 37 (Doc. 33). The District Judge determined that to the extent that Plaintiff is asserting claims of misrepresentation not connected with debt cancellation or suspension agreements, these claims are not preempted (Civ. 13-513, Doc. 33 at 25). In light of the District Judge's Memorandum Opinion, this Court reviewed Plaintiff's Amended Complaint (Doc. 14), specifically Plaintiff's misrepresentation claims, and although Plaintiff alleges that the claims involve ancillary products including Payment Protection Plans, all of these allegations involve debt suspension and cancellation agreements. As Plaintiff's misrepresentation claims are presently plead, they are preempted. However, if Plaintiff has misrepresentation claims not involving debt suspension or cancellation agreements then Plaintiff has the option of seeking leave of Court to amend its Complaint.

The Court hereby adopts the analysis and opinion set forth in the Memorandum Opinion in King v. Capital One (Civ. 13-513, Doc. 33). Accordingly, Count One of Plaintiff's Amended Complaint (NMUPA violation) is dismissed without prejudice. The Motion to Dismiss Count Two of Plaintiff's Amended Complaint (violation of Regulation Z) is denied.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 22) is GRANTED in part and DENIED in part as set forth herein.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE